1  Marshall A. Lerner (State Bar No. 55,224)
   Email: mlerner@kleinberglerner.com
2  Bradford E. Mattes (State Bar No. 159,004)
   Email: bemattes@kleinberglerner.com
3  Philip L. Nulud (State Bar No. 245,147)
   Email: pnulud@kleinberglerner.com
4  **KLEINBERG & LERNER, LLP**
5  1875 Century Park East, Suite 1150
6  Los Angeles, California 90067-3112
7  Phone: (310) 557-1511 • Fax: (310) 557-1540

8  Attorneys for Plaintiffs SKECHERS U.S.A., INC. and
9                             SKECHERS U.S.A., INC. II

10           UNITED STATES DISTRICT COURT
11  CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

12  SKECHERS U.S.A., INC., a Delaware          Case No.: **CV11-07295 PA(AJWx)**
    corporation, and SKECHERS U.S.A., INC.
13  II, a Delaware corporation,                **COMPLAINT FOR INJUNCTIVE**
14                                             **RELIEF AND FOR DAMAGES**
                    Plaintiffs,                **FOR:**
15
            v.
16                                             **(1) PATENT INFRINGEMENT**
    STEVEN MADDEN, LTD., a Delaware                **[35 U.S.C. § 271];**
17  company, STEVIES, INC., a Delaware         **(2) FEDERAL TRADE DRESS**
    corporation, and DOES 1-10, Inclusive,         **INFRINGEMENT [15**
18                                                  **U.S.C. § 1125(a)];**
                    Defendants.                **(3) FEDERAL UNFAIR**
19                                                 **COMPETITION [15 U.S.C.**
20                                                 **§ 1125(a)];**
21
                                               **DEMAND FOR JURY TRIAL**
22
23

24       Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II (collectively
25  referred to as "Skechers"), Delaware corporations, by and through their attorneys,
26  allege as follows:

                              - 1 -

**NATURE OF ACTION**

1.    This is a complaint for patent infringement, trademark infringement, federal and state trademark dilution, federal and state unfair competition, federal trade dress infringement, common law trademark infringement and common law unfair competition.

**THE PARTIES**

2.    Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II are corporations duly organized and existing under the laws of the State of Delaware with their principal place of business located at 228 Manhattan Beach Blvd., Manhattan Beach, California 90266. Skechers U.S.A., Inc. II is a wholly owned subsidiary of Skechers U.S.A., Inc.

3.    Skechers is one of the leading footwear companies today.  Its business includes the design, development, marketing, sale and distribution of high quality footwear throughout the United States and the world.

4.    Upon information and belief, defendant Steven Madden, Ltd. ("Steve Madden") is a Delaware corporation with a principal place of business located at 52-16 Barnett Ave., New York, NY 10004.

5.    Upon information and belief, defendant Stevies, Inc. ("Stevies") is a Delaware company with a principal place of business located at 52-16 Barnett Ave., New York, NY 10004.

6.    Upon information and belief, defendant Stevies is a wholly owned subsidiary of Steve Madden.

7.    Defendants Does 1 – 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Skechers.  When their true names and capacities are ascertained, Skechers will amend this complaint by inserting their true names and capacities.  Skechers is informed and believes and thereon alleges,

**COMPLAINT**

that Does 1 – 10, and each of them are responsible in some manner for the occurrences alleged herein and that Skechers' damages were proximately caused by such Defendants. (Steve Madden, Stevies and Does 1 – 10 are referred to collectively as "Defendants.")

## JURISDICTION AND VENUE

8. This Court has jurisdiction of the subject matter of this action under the laws of the United States, 35 U.S.C. §271 and 15 U.S.C. § 1125. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338 (b) and 1367(a).

9. This Court has personal jurisdiction over the Defendants because they have committed one or more of the infringing acts complained of herein in California and in this district, and they do regular business in California and in this district.

10. Venue in this Court is proper under the provisions of 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events and omissions giving rise to the claims herein arose in this district. Venue is further proper in this Court under the provisions of 28 U.S.C. §1400(b) because the Defendants committed acts of infringement and have regular and established places of business in California and in this district.

## SKECHERS' TWINKLE TOES® PATENT

11. The United States Patent and Trademark Office has acknowledged the novel, non-obvious, useful, innovative and unique qualities of Skechers' TWINKLE TOES® by awarding U.S. Patent, No. D571,095 (the "'095 Patent") for the unique, novel and nonobvious toe cap design on shoe. Skechers owns the '095 Patent. A true and correct copy of the '095 Patent is attached as Exhibit 1.

## SKECHERS' TWINKLE TOES® TRADE DRESS

12. Skechers is the owner of an inherently distinctive trade dress embodied by a line of unique and distinctive footwear known as the "Twinkle Toes® Series." This

COMPLAINT

trade dress is comprised of footwear with distinctive appearance and is known as the "Twinkle Toes® Trade Dress".

13.   The Twinkle Toes® Trade Dress features the unique combination of the following design elements: a vulcanized canvass sneaker; a toe cap adorned with crystals, rhinestones, sequins or a plurality of other similar shiny elements; and, canvass uppers distinguished by colorful art designs or patterns.  Representative samples of the Twinkle Toes® Trade Dress are shown in Exhibit 2.

14.   The Twinkle Toes® Trade Dress, in part or as a whole, is used simply to convey the distinctive appearance of the Twinkle Toes® Series and is nonfunctional.

15.   The Twinkle Toes® Trade Dress is inherently distinctive.  Skechers has expended many millions of dollars promoting and advertising its Twinkle Toes® Series featuring Twinkle Toes® Trade Dress.  Based on extensive, frequent, and ongoing advertising, marketing, sales and distribution by Skechers of the Twinkle Toes® Trade Dress, the Twinkle Toes® Trade Dress has acquired distinctiveness. The Twinkle Toes® Trade Dress includes the appearance of shoes that have an inherently distinctive appearance.  The Twinkle Toes® Trade Dress indicates that it emanates from a single source.

16.   The Twinkle Toes® Series featuring the Twinkle Toes® Trade Dress has sold many millions of pairs of shoes in the United States.

17.   Since the time when Skechers first created and began using the Twinkle Toes® Trade Dress, Skechers has been, and currently is, the exclusive source in the United States for footwear having the Twinkle Toes® Trade Dress.  Skechers' Twinkle Toes® Series footwear has been sold since its inception with the Twinkle Toes® Trade Dress, which indicates its source as Skechers.

18.   Skechers has continuously advertised, marketed, sold and distributed its footwear having Twinkle Toes® Trade Dress.

**COMPLAINT**

19.  Skechers has expended substantial effort and funds in developing goodwill in Skechers' Twinkle Toes® Trade Dress and in developing a consumer association of the Twinkle Toes® Trade Dress as emanating from Skechers. Skechers has expended many millions of dollars promoting and advertising its Twinkle Toes® Trade Dress.  Advertisements and promotions for the Twinkle Toes® Trade Dress have appeared throughout the United States in malls, on point-of-purchase materials in stores and on television.  As a result of Skechers' very substantial advertising, marketing, and promotion, Skechers' Twinkle Toes® Trade Dress has acquired secondary meaning.

**THE DEFENDANTS' INFRINGEMENT OF SKECHERS' TWINKLE TOES® PATENT**

20.  The Defendants manufacture, import, sell and offer to sell a line of footwear under the brand name "Stevies".   The Stevies footwear line includes, among others, shoes that have a vulcanized canvas sneaker, a toe cap adorned with crystal, rhinestones, sequins or a plurality of other similar shiny elements, and canvas uppers distinguished by colorful art designs or patterns.  A sample of a shoe in the Stevies footwear line is shown in Exhibit 3.  The Defendants are using the Stevies footwear line in interstate commerce throughout the United States, including within the state of California and in this district.

21.  The Stevies footwear lines embodies and infringes the patented invention disclosed in the '095 Patent, shown in Exhibit 1.

///

**COMPLAINT**

## THE DEFENDANTS' INFRINGEMENT OF THE TWINKLE TOES® TRADE DRESS

22. The Defendants manufacture, import, sell and offer to sell a line of footwear under the brand name "Stevies". The Stevies footwear line includes, among others, shoes that have a vulcanized canvas sneaker, a toe cap adorned with crystal, rhinestones, sequins or a plurality of other similar shiny elements, and canvas uppers distinguished by colorful art designs or patterns. A sample of a shoe in the Stevies footwear line is shown in Exhibit 3. The Defendants are using the Stevies footwear line in interstate commerce throughout the United States, including within the state of California and in this district.

23. The appearance of the Defendants' Stevies footwear line so closely resembles the appearance and trade dress of Skechers' Twinkle Toes® Trade Dress, representative samples are shown in Exhibit 2, that the Defendants' Stevies footwear line are likely to cause confusion, mistake, and deception as to an affiliation, connection, or association of the Defendants with Skechers. Additionally, the appearance of the Defendants' Stevies footwear line so closely resembles the appearance and trade dress of Skechers' Twinkle Toes® Trade Dress that the Defendants' Stevies footwear line of shoes are likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval of the Defendants' Stevies footwear line. The Defendants ' Stevies footwear line so closely resemble Skechers' Twinkle Toes® Trade Dress that the Defendants ' act of selling and offering to sell the Defendants' Stevies footwear line infringe Skechers' Twinkle Toes® Trade Dress.

24. The Defendants have placed their infringing Stevies footwear line in direct competition with Skechers' Twinkle Toes® Series footwear, well after the Twinkle Toes® Series acquired secondary meaning, and are attempting to "pass off" their Defendants' Stevies footwear line as high-quality Skechers shoes.

COMPLAINT

25. The Defendants placed their infringing Stevies footwear line in competition with Skechers' Twinkle Toes® Trade Dress well after the Twinkle Toes® Trade Dress acquired secondary meaning.

26. The Defendants use of nearly identical trade dress on their Stevies footwear line infringes Skechers' Twinkle Toes® Trade Dress and has caused and will continue to cause confusion among the footwear buying public.

27. Upon information and belief, the Defendants have engaged in intentional infringement by designing, manufacturing, and importing shoes having an appearance that is confusingly similar to Skechers' Twinkle Toes® Trade Dress.

28. Upon information and belief, the Defendants have acted with full knowledge of Skechers' Twinkle Toes® Trade Dress and without Skechers' authorization or consent.

29. Upon information and belief, the Defendants have acted willfully, in bad faith and with the intent to confuse and mislead the public and unfairly trade on the substantial and valuable goodwill associated with Skechers' Twinkle Toes® Trade Dress and to capitalize on Skechers' highly respected reputation as a stylish, high-quality footwear company.

30. The Defendants will continue to manufacture and import their infringing Defendants' Stevies footwear line and cause additional confusion in the marketplace and further dilute the fame of Skechers' Twinkle Toes® Trade Dress unless they are enjoined.

///

COMPLAINT

**FIRST CLAIM FOR RELIEF**

**[Patent Infringement Against Defendants; 35 U.S.C. § 271]**

31.   Skechers realleges and incorporates by reference paragraphs 1 – 30 of this Complaint as if fully set forth herein.

32.   On June 17, 2008, the United States Patent and Trademark Office issued United States Patent, Patent No. D571,095, the '095 Patent, shown in Exhibit 6. Skechers became the owner of the '095 Patent on June 7, 2011, and currently is, the exclusive owner of the entire right, title and interest in and to the '095 Patent. Skechers' ownership of the '095 Patent includes without limitation the exclusive right to enforce the '095 Patent, the exclusive right to file actions based on infringement of the '095 Patent, and the exclusive right to recover damages or other monetary amounts for infringement of the '095 Patent and to be awarded injunctive relief pertaining to the '095 Patent.  Skechers has owned the '095 Patent during the Defendants' infringement of the '095 Patent.

33.   The Defendants have been, and presently are, infringing the '095 Patent within this judicial district and elsewhere by making, offering to sell, selling, and importing shoes that embody the patented invention disclosed in the '095 Patent.  The Defendants ' infringing shoes are referred to as the Stevies footwear line, as discussed above in Paragraph 20 with representative samples in Exhibit 3.  The Defendants will continue to make, offer to sell, sell, and import the Stevies footwear line unless enjoined by this Court.

34.   The Defendants are infringing the '095 Patent in violation of 35 U.S.C. § 271.  The Stevies footwear line infringe the '095 Patent in violation of 35 U.S.C. §271.

35.   The Defendants' Stevies footwear line were not authorized or otherwise approved in any manner by Skechers.

**COMPLAINT**

36.   The Defendants will continue to infringe the '095 Patent and irreparably harm Skechers unless their infringing activities are enjoined by this Court.

37.   Skechers has complied with the statutory requirement of placing a notice of the '095 Patent on all shoes that it makes and sells that embody the invention disclosed in the '095 Patent since it has acquired the '095 Patent.

38.   Due to the Defendants' infringement of the '095 Patent, Skechers has suffered, is suffering, and will continue to suffer irreparable injury for which Skechers has no adequate remedy at law.  Skechers is therefore entitled to a permanent injunction against the Defendants' further infringing conduct.

39.   The Defendants have profited and are profiting from their infringement of the '095 Patent and Skechers has been and is being damaged and losing profit by such infringement.  Skechers is therefore entitled to recover damages from the Defendants and the total profit under 35 U.S.C. §§ 284 and 289 derived from such infringement, all in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF

### [Federal Trade Dress Infringement; 15 U.S.C. § 1125(a)]

40.   Skechers realleges and incorporates by reference paragraphs 1 – 39 of this Complaint as if fully set forth herein.

41.   By the acts and omissions set forth above, the Defendants are violating Lanham Act § 43(a), 15 U.S.C. § 1125(a) and are infringing Skechers' trade dress. The Defendants' use in commerce of their Stevies footwear line, shown in Exhibit 3, constitutes a false designation of origin, a false and misleading description of fact, and a false and misleading representation of fact which is likely to cause confusion, to cause mistake, and to deceive by wrongly suggesting some affiliation, connection, or association between the Defendants' Stevies footwear line and Skechers' Twinkle Toes® Trade Dress, shown in Exhibit 2.  Such use by the Defendants of their Stevies

**COMPLAINT**

footwear line is also likely to cause confusion, to cause mistake, and to deceive as to the origin, sponsorship, or approval of the Defendants' Stevies footwear line. Such use by the Defendants of their Stevies footwear line constitutes trade dress infringement in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

42. The Defendants have infringed, and continue to infringe, Skechers' Twinkle Toes® Trade Dress. The Defendants ' Stevies footwear line infringes Skechers' Twinkle Toes® Trade Dress.

43. The Defendants ' conduct is likely to cause confusion, mistake and deception among the general purchasing public, and interfere with Skechers' ability to use and profit from its Twinkle Toes® Trade Dress.

44. The Defendants' conduct as described above is also likely to harm or extinguish the current ability of Skechers' Twinkle Toes® Trade Dress to indicate that the Twinkle Toes® Trade Dress emanates from a single source. The Defendants' conduct as described above harms the goodwill and reputation associated with the Twinkle Toes® Trade Dress.

45. Skechers has suffered, is suffering, and will continue to suffer irreparable injury for which Skechers has no adequate remedy at law. Skechers is therefore entitled to a permanent injunction against Defendants' further infringing conduct.

46. Defendants have profited and are profiting from such infringement, and Skechers has been and is being damaged and losing profit by such infringement. Skechers is therefore entitled to recover damages and profits from Defendants in an amount to be proved at trial as a consequence of Defendants' violations of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

///

**COMPLAINT**

1

2

**THIRD CLAIM FOR RELIEF**

**[Federal Unfair Competition; 15 U.S.C. § 1125(a)]**

3

4

47.   Skechers realleges and incorporates by reference paragraphs 1 – 46 of this Complaint as if fully set forth herein.

5

6

7

48.   By the acts and omissions set forth above, Defendants are unfairly competing with Skechers by producing, marketing and selling the shoes shown in Exhibit 3.

8

9

10

11

49.   Due to such unfair competition, Skechers has suffered, is suffering, and will continue to suffer irreparable injury for which Skechers has no adequate remedy at law.  Skechers is therefore entitled to a permanent injunction against Defendants to prevent them from unfairly competing with Skechers.

12

13

14

15

16

50.   Defendants have profited and are profiting from their unfair competition with Skechers, and Skechers has been and is being damaged and losing profit by such unfair competition.  Skechers is therefore entitled to recover damages and profits from Defendants in an amount to be proved at trial as a consequence of Defendants' unfair competition.

17

18

**PRAYER FOR RELIEF**

19

20

WHEREFORE, Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II respectfully demand a judgment against Defendants as follows:

21

1.   A judgment declaring that Defendants have:

22

a.   infringed Skechers' '095 Patent;

23

b.   infringed Skechers' Twinkle Toes® Trade Dress;

24

e.   competed unfairly with Skechers;

25

26

f.   injured Skechers' business reputation by the unauthorized use of Skechers' Twinkle Toes® Trade Dress; and

- 11 -

**COMPLAINT**

g.      willfully violated the applicable laws of the United States and of the states where Defendants' goods have been sold, all to the detriment of Skechers;

2.      That the Defendants, their officers, agents, servants, employees, attorneys, assigns and all persons in active concert with or participation with them be forthwith preliminarily and thereafter permanently enjoined and restrained from:

a.  Infringing or inducing infringement of the '095 Patent;

b.  Infringing or inducing infringement of Skechers' Twinkle Toes® Trade Dress;

c.  Using the Skechers' Twinkle Toes® Trade Dress, alone or in combination with any other elements, to advertise or identify Defendants' goods or services;

d.  Unfairly competing with Skechers in any manner whatsoever;

e.  Causing likelihood of confusion, or injury to business reputation of Skechers' marks, symbols, labels, or forms of advertising or promotion;

f.  Engaging in any acts or activities directly or indirectly calculated to trade upon Skechers' Twinkle Toes® Trade Dress or the reputation or goodwill of Skechers, or in any way to compete unfairly with Skechers;

3.      For a judgment directing that any shoes, goods, labels, emblems or packaging in the possession or under the control of Defendants which infringe the '095 Patent or any colorable imitation or facsimile thereof, but not emanating from Skechers, be delivered up and destroyed within 10 days of entry of judgment, and that all instrumentalities used in the production of such shoes, goods, labels, emblems or packaging, including any and all items, objects, tools, machines, and equipment used in such production, be delivered up and destroyed within 10 days of

COMPLAINT

1    entry of judgment;

2         4.      For a judgment directing Defendants to recall all infringing goods and

3    any other materials sold, distributed, advertised or marketed which infringe the '095

4    Patent or any colorable imitation or facsimile thereof, but not emanating from

5    Skechers;

6         5.      For a judgment against Defendants awarding Skechers damages, lost

7    profits, reasonable royalties, and other monetary amounts including without

8    limitation:

9              a.   all damages sustained by Skechers as a result of the Defendants'

10                  unlawful infringement of the '095 Patent, together with appropriate

11                  interest on such damages and that such damages be trebled, pursuant

12                  to 35 U.S.C. § 284;

13             b.   The Defendants' total profit from the Defendants' sales of footwear

14                  that infringes the '095 Patent, and all other remedies provided by 35

15                  U.S.C. § 289;

16             c.   All remedies provided for by 15 U.S.C. § 1117 (a), including but not

17                  limited to all damages sustained by Skechers as a result of

18                  Defendants' unlawful infringement of the Skechers' Twinkle Toes®

19                  Trade Dress together with appropriate interest on such damages and

20                  that such damages be trebled;

21             d.   All remedies provided for by 15 U.S.C. § 1117 (a), including but not

22                  limited to all profits derived by each of the Defendants from the sale

23                  of goods by the direct or indirect use of any of Skechers' Twinkle

24                  Toes® Trade Dress or colorable imitations or facsimiles thereof, and

25                  that such profits be trebled;

26

- 13 -                                    **COMPLAINT**

e. all damages sustained by Skechers on account of unfair competition, lost business opportunities and any other damage suffered by Skechers as a result of Defendants' acts described in this complaint, and that such damages be trebled; and

f. for the maximum statutory damages allowed under 15 U.S.C. § 1117(c);

6. For an order directing Defendants to pay punitive damages to Skechers;

7. For an order directing Defendants to pay restitution to Skechers;

8. For an award of attorneys' fees pursuant to 15 U.S.C. § 1117;

9. For an award of pre-judgment interest at the maximum rate allowed by law;

10. For the costs of suit herein; and

11. For such additional and further relief that the Court may deem just and proper under the circumstances.

KLEINBERG & LERNER, LLP

September 2, 2011        By: _____

Marshall A. Lerner
Bradford E. Mattes
Philip L. Nulud
1875 Century Park East, Suite 1150
Los Angeles, CA 90067
Attorneys for Plaintiffs Skechers U.S.A., Inc. and
Skechers U.S.A., Inc. II

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule

3  38-1, Plaintiffs Skechers U.S.A., Inc. and Skechers U.S.A., Inc. II demand a trial by

4  jury of any and all issues triable of right by a jury pursuant to the Seventh

5  Amendment to the United States Constitution or as given by a statute of the United

6  States.

7

8  September 2, 2011     By:                                    

9                                Marshall A. Lerner

                                Bradford E. Mattes

10                                Philip L. Nulud

11                                Kleinberg & Lerner, LLP

                                1875 Century Park East, Suite 1150

12                                Los Angeles, CA 90067

13                                Attorneys for Plaintiffs Skechers U.S.A., Inc. and

                                Skechers U.S.A., Inc. II

14

15

16

17

18

19

20

21

22

23

24

25

26

                COMPLAINT

# EXHIBIT 1

US00D571095S

(12) **United States Design Patent**

Clifford

(10) Patent No.: **US D571,095 S**

(45) Date of Patent: ** **Jun. 17, 2008**

(54) **CRYSTAL-COVERED SHOE TOE CAP**

(75) Inventor: **Pauline Clifford**, 1 Kirkhill Cresent, Neilston, Glasgow (GB) G78 3NS

(73) Assignee: **Pauline Clifford**, Glasgow (GB)

(**) Term: **14 Years**

(21) Appl. No.: **29/265,699**

(22) Filed: **Sep. 6, 2006**

(51) **LOC (8) Cl.** .................................................. **02-99**
(52) **U.S. Cl.** ........................................ **D2/972**; D2/946
(58) **Field of Classification Search** .......... D2/916–918, D2/925–945, 971, 964, 965, 969, 896, 900, D2/902, 907, 946, 972–974, 976; 36/1, 11.5, 36/9 R, 136, 113, 114, 126–130, 112
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D91,535 | S | * | 2/1934 | Morali ........................ D2/932 |
| 1,977,995 | A | * | 10/1934 | Morali ........................ 36/136 |
| D158,389 | S | * | 5/1950 | Lakow ........................ D2/971 |
| D179,486 | S | * | 1/1957 | Levine ........................ D2/942 |
| D192,695 | S | * | 5/1962 | Glascock ...................... D2/900 |
| D333,376 | S | * | 2/1993 | Raffe .......................... D2/969 |
| D501,710 | S | * | 2/2005 | Choi .......................... D2/971 |
| D545,039 | S | * | 6/2007 | Weitzman et al. ........... D2/971 |
| D552,338 | S | * | 10/2007 | Choi et al. ................. D2/971 |
| D554,354 | S | * | 11/2007 | Guers-Neyrud ............. D2/971 |

* cited by examiner

*Primary Examiner*—Dominic Simone
(74) *Attorney, Agent, or Firm*—Liu & Liu; Wen Liu

(57) **CLAIM**

The ornamental design for the crystal-covered show toe cap, as shown and described.

**DESCRIPTION**

FIG. **1** is a perspective view of a crystal-covered shoe toe cap showing my new design;

FIG. **2** is a perspective view of a second embodiment of FIG. **1**; and,

FIG. **3** is a perspective view of a third embodiment of FIG. **1**.

The broken line disclosure is for illustrative purposes only and forms no part of the claimed design.

**1 Claim, 3 Drawing Sheets**



Exhibit 1
Page 16

FIG. 1



Exhibit 1
Page 17

**U.S. Patent**   Jun. 17, 2008   Sheet 2 of 3   **US D571,095 S**



**FIG. 2**

Exhibit 1
Page 18



**FIG. 3**

Exhibit 1
Page 19



Exhibit 2
Page 20



Exhibit 2
Page 21



Exhibit 2
Page 22



Exhibit 2
Page 23



Exhibit 2
Page 24



Exhibit 2
Page 25



Exhibit 2
Page 26



Exhibit 2
Page 27



Exhibit 2
Page 28



Exhibit 2
Page 29



Exhibit 2
Page 30



Exhibit 2
Page 31



Exhibit 2
Page 32



Exhibit 2
Page 33



Exhibit 2
Page 34



Exhibit 2
Page 35



Exhibit 2
Page 36



Exhibit 2
Page 37

# EXHIBIT 3



Exhibit 3
Page 38



Exhibit 3
Page 39



Exhibit 3
Page 40



Exhibit 3
Page 41



Exhibit 3
Page 42

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 7295 PA (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Marshall A. Lerner (State Bar No. 55,224)
Bradford E. Mattes (State Bar No. 159,004)
Philip L. Nulud (State Bar No. 245,147)
Kleinberg & Lerner, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067
(310)557-1511 fax (310) 557-1540

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKECHERS U.S.A., INC., a Delaware corporation, and SKECHERS U.S.A.,INC. II, a Delaware corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>STEVEN MADDEN, LTD., a Delaware company, STEVIES, INC., a Delaware corporation, and DOES 1 – 10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11-07295PA(AJWx)**<br><br><br>**SUMMONS** |

TO:     THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Marshall A. Lerner
_____, whose address is:

KLEINBERG & LERNER, LLP
1875 Century Park East, Suite 1150
Los Angeles, California 90067-2501


an answer to the ☒ complaint ☐_____amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within  21  days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.


Clerk, U.S. District Court

**JULIE PRADO**   SEAL

Dated: September 2, 2011

By: _____
            Deputy Clerk

*(Seal of the Court)*

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SKECHERS U.S.A., INC., a Delaware Corporation and SKECHERS U.S.A., INC. II, a Delaware Corporation | STEVEN MADDEN, LTD., a Delaware company, and STEVIES, INC., a Delaware corporation, DOES 1-10, Inclusive |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):<br>LOS ANGELES | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Delaware |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Marshall A. Lerner, Bradford E. Mattes, Philip L. Nulud<br>KLEINBERG & LERNER, LLP<br>1875 Century Park East, Suite 1150, Los Angeles, CA 90067-3112<br>(310) 557-1511, fax (310) 557-1540 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FAXED

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent Infringement 35 USC §271; Trade Dress Infringement 15 USC§1125(a); Federal Unfair Competition 15 USC §1125(a);Unfair Competition Under CA Law Cal Bus & Prof Code 17200;

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:    CV11- 07295

| CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No  ☑ Yes

If yes, list case number(s): 2:11cv01893 JHN(PJW)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☑ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Los Angeles County

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
STEVEN MADDEN, LTD., a Delaware corporation and STEVIES, INC., a Delaware corporation

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary.)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date  September 2, 2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |